UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
 UNITED STATES OF AMERICA,

                                                                      **ORDER**

   v.

                                                                      21-CR-00420 (PMH)

WINSTON WHITE,

                           Defendant.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

      On August 26, 2024, Defendant Winston White, proceeding *pro se*, filed a motion for compassionate release ("Motion") pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that he is the sole possible caregiver for his mother, which constitutes an extraordinary and compelling reason for a reduction in his sentence. (Doc. 39).[1] On September 24, 2024, the Court directed the Government to file a response to the Motion. (Doc. 40). The Government submitted its response to the Motion on October 11, 2024. (Doc. 41). Defendant filed reply on November 7, 2024. (Doc. 42). On January 17, 2025, former President Joseph R. Biden Jr. signed an Executive Grant of Clemency, commuting Defendant's sentence to a term of 60 months imprisonment. (Doc. 43).

      For the reasons set forth below, the Court concludes that Defendant has failed to establish the existence of extraordinary and compelling reasons to warrant a sentence reduction, and consideration of the factors set forth in 18 U.S.C. § 3553(a) does not warrant the relief requested. Accordingly, the Motion is DENIED.

---

[1] Citations to this document correspond to the pagination generated by ECF.

1

## BACKGROUND[2]

Between approximately December 2020 and May 2021, Defendant and others agreed to distribute, and did distribute, narcotics, including fentanyl, heroin, cocaine, and crack cocaine. (PSR ¶ 10). On or about May 5, 2021, law enforcement conducted a search of Defendant's Poughkeepsie apartment pursuant to a search warrant. (*Id*. ¶ 11). Law enforcement searched Defendant's bedroom and found narcotics, including 10 individual plastic baggies of crack cocaine, and a small knot of powder cocaine, which together weighed 4.7 grams; 14.7 grams of fentanyl; 8.5 grams of cocaine; 310 glassine envelopes containing a substance that tested positive for both cocaine and fentanyl; scales and other packaging materials; and almost $4,000 in cash. (*Id*. ¶ 12). Law enforcement also recovered from Defendant's bedroom a loaded nine-millimeter Polymer80 PF940c pistol with a 15-round Glock magazine, which was loaded with six rounds, one of which was in the chamber. (*Id*.). Defendant was arrested and taken to a police precinct for processing. (*Id*. ¶ 13). Defendant admitted, after waiving his *Miranda* rights, that the narcotics, narcotics paraphernalia, cash, and firearm found in his bedroom belonged to him; that from December 2020 to May 2021, he sold approximately 10 grams of heroin and 15 to 20 grams of crack cocaine per week; and that he possessed the firearm for his protection, because he feared he would be robbed based on his narcotics trafficking. (*Id*.).

On or about December 22, 2021, Defendant pled guilty to Counts One and Two of a superseding information (the "Information"), charging conspiracy to distribute, and possess with the intent to distribute, fentanyl, cocaine base, cocaine, and heroin, in violation of 21 U.S.C. § 846 (Count One), and possessing a firearm during and in relation to the narcotics conspiracy charged

---

[2] The Court draws the background facts principally from the Revised Final Presentence Investigation Report, dated May 6, 2022 ("PSR"); and the sentencing transcript (Doc. 38, "Sent. Tr.").

in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two). (Doc. 25; Doc. 28). Pursuant to the plea agreement (the "Plea Agreement"), the Stipulated Guidelines Range was calculated as follows: 70 to 87 months' imprisonment on Count One, to be followed by a consecutive, mandatory minimum 60 months' imprisonment on Count Two, for a total Stipulated Guidelines Range of 130 to 147 months' imprisonment.

On April 29, 2022, this Court sentenced Defendant to 37 months' imprisonment on Count One, followed by a consecutive term of 60 months' imprisonment on Count Two, for a total of 97 months' imprisonment. Defendant has served approximately half of that sentence. However, in light of the commutation of his sentence in January, Defendant's current anticipated release date is September 17, 2025. Federal Bureau of Prisons, *Inmate Locator*, (https://www.bop.gov/inmateloc/ (last visited March 3, 2025)).

Defendant submitted a compassionate release request to the Warden of FCI Ashland, where he is currently housed, and that application was denied. (Doc. 41 at 2). This Motion followed.

**STANDARD OF REVIEW**

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011).[3] Compassionate release is one of the limited exceptions enumerated in 18 U.S.C. § 3582(c). Under the First Step Act, "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal [or] a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce a defendant's sentence, on a defendant's motion, if it finds that "extraordinary and compelling

---

[3] Unless otherwise noted, all case quotations omit internal quotation marks, citations, alterations, and footnotes.

3

circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). "The moving party bears the burden of proving that extraordinary and compelling reasons exist." *United States v. Rodriguez*, No. 19-CR-00012, 2020 WL 2787629, at *3 (S.D.N.Y. May 28, 2020).

"[T]he existence *vel non* of extraordinary and compelling reasons determines only whether a defendant can be considered for release—the existence of such reasons does not mandate release." *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020); *see also United States v. Israel*, No. 05-CR-01039, 2019 WL 6702522, at *11 (S.D.N.Y. Dec. 9, 2019) ("A court is not required to reduce a sentence on compassionate release grounds, even if a prisoner qualifies for such reduction because of his medical condition. . . . [Section 3582] was drafted using the word 'may,' not 'must.'"). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The statutory scheme thus requires first that a court determine that a defendant has exhausted his administrative remedies, that "extraordinary and compelling" reasons exist for a reduction in sentence, and that such reduction is consistent with the applicable policy statements issued by the Sentencing Commission. Once these elements are met, the Court must then consider and determine whether the § 3553(a) factors support early release. Application of the § 3553(a) factors requires an assessment of whether the relevant factors "outweigh the extraordinary and compelling reasons warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence." *Ebbers*, 432 F. Supp. 3d at 431. Those factors include, among others: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," and (2) "the need for the sentence imposed . . . to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a).

## ANALYSIS

Defendant is not entitled to a sentence reduction because he has failed to establish the existence of extraordinary and compelling reasons, and consideration of the factors set forth in 18 U.S.C. § 3553(a) does not warrant the relief requested.

With respect to "extraordinary and compelling reasons," 18 U.S.C. § 3582(c)(1)(A)(i), the Sentencing Commission has issued a Policy Statement setting forth certain definitions. U.S. Sentencing Guidelines Manual § 1B1.13(b)(1)-(6);[4] *see Ebbers*, 432 F. Supp. 3d at 426. Defendant generally alleges that extraordinary circumstances exist because his mother is incapacitated, and he is the only available caregiver for her. (Doc. 39 at 13-20). Defendant annexes to his motion a number of letters from Montefiore Hospital concerning his mother's medical condition as of June 2023 (*id.* at 28-31), which demonstrate that his mother suffers serious medical conditions but do not establish that Defendant's mother is in fact "incapacitated." *See, e.g., United States v. Mendez-Rojas*, No. 11-CR-00929, 2024 WL 4345561, at *4 (S.D.N.Y. Sept. 30, 2024) (finding that the defendant had failed to make requisite showing of extraordinary and compelling reasons justifying his release in part because he failed to "attach evidence corroborating that . . . his parents are incapacitated from caring for themselves"); *United States v. Lindsey*, No. 13-CR-00271, 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) ("Courts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions before concluding that an extraordinary and compelling reason has been established.").

---

[4] Where, as here, the motion is brought by a defendant as opposed to the BOP Director, the Court is not constrained to the definitions set forth in the policy statement, and has discretion "to determine what reasons, for purposes of compassionate release, are extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Defendant annexes to his Motion declarations from his mother and siblings, asserting that the siblings are not available to care for their mother, because two of them live too far away, and one, although she lives locally, has a full-time job. (Doc. 39 at 1-8). The declarations of Defendant's two siblings do not reveal where they live that render them unable to provide care, or any explanation why the local sibling is precluded from providing care to their mother. (*Id*.). Defendant, in reply, alleges they live over an hour and a half away which is "simply too far." (Doc. 42 at 3). The Motion does not explain what kind of care their mother requires, or how or why Defendant would be equipped to provide any such care (*see* Doc. 39), though he does assert that he "has secured a job working for the in-home healthcare company that would be employing him to care for his mother." (Doc. 42 at 5). Defendant explains that his sister who lives locally has been caring for their mother since at least the date of the Montefiore letters in June 2023. (Doc. 42 at 4). Based upon the foregoing, Defendant has failed to establish that he is the sole available caregiver for his mother.[5] *See, e.g., Mendez-Rojas*, 2024 WL 4345561, at *4 (defendant failed to "establish that he is the only available caregiver—that there are no other relatives or friends who can play the role").

Moreover, granting Defendant a reduction in sentence would be neither "consistent with the applicable policy statement issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i), nor supported by the "factors set forth in section 3553(a)," *id.* § 3582(c)(1)(A). Thus, even if the Court found Defendant's application sufficient to establish "extraordinary and compelling" reasons, and consistent with the Sentencing Commission's policy statement, the

---

[5] Defendant argues that if the "Court is not persuaded by the facts and arguments as currently presented, it should schedule an evidentiary hearing . . . and allow the parties to conduct limited, expedited discovery." (Doc. 42 at 5-6). It is Defendant's burden to make the requisite showing of extraordinary and compelling reasons justifying his release and Defendant has not cited any authority to warrant discovery and/or an evidentiary hearing on this Motion.

Court's determination must then also be supported by the "factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). This, the Court cannot do.

The Section 3553(a) factors do not support early release. These factors, such as "the nature and circumstances of the offense" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct" weigh against his early release. 18 U.S.C. § 3553(a). "Court[s] should be wary of using [a] motion [for compassionate release] to 'correct' the sentencing court's original judgment or introduce unprincipled variance into the execution of duly-imposed sentences . . . ." *Ebbers*, 432 F. Supp. 3d at 430.

The Court imposed a sentence below the Sentencing Guidelines Range. At the time of the filing of the Motion, Defendant had served less than half of that sentence. Although Defendant's sentence was commuted, release now would not reflect the seriousness of Defendant's conduct, nor would it promote the need for deterrence. As the Court explained in detail, that sentence was necessary to send a message, both to this Defendant and to others, that those who engage in the trafficking of dangerous drugs will be punished appropriately, particularly when combined with the possession of a firearm. (Sent. Tr. at 17:23-21:8). For the reasons stated in detail at Defendant's sentencing, which the Court incorporates by reference, a sentence of 97 months' imprisonment was sufficient but not greater than necessary to achieve those goals, while taking into account the mitigating circumstances described by the Court. (*Id.*). Moreover, Defendant has not shown any reason that the sentence imposed by the Court is no longer sound. Defendant asserts that he has held consistent employment and has participated in programming while in federal custody. (Doc. 39 at 20-22). While the Court applauds Defendant's efforts at rehabilitation and encourages him to continue in them, the sentence imposed two years ago remains the appropriate sentence today.

**CONCLUSION**

Accordingly, Defendant's Motion is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 39), and to mail a copy of this Order to Defendant at # 43651-509, Ashland Federal Correctional Institution, P.O. Box 6001, Ashland, KY 41105.

SO ORDERED:

Dated: White Plains, New York
       March 3, 2025

_____
Philip M. Halpern
United States District Judge